IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DON BAILEY AND JOHN/JANE DOES 1-25,

    Plaintiffs,

v.

DISCIPLINARY BOARD OF THE
SUPREME COURT OF PENNSYLVANIA,
PAUL KILLION, JOHN/JANE DOES 1-10,

    Defendants.

11cv1030
**ELECTRONICALLY FILED**

**MEMORANDUM AND OPINION**

**I. Factual and Procedural Background**

    Plaintiffs, a Pennsylvania attorney, Don Bailey, and his clients, John/Jane Does 1-25, filed a civil rights Complaint against Defendants, Disciplinary Board of the Supreme Court of Pennsylvania, the Disciplinary Board's Chief Disciplinary Counsel, Paul Killion, and John/Jane Does 1-10. Doc. no. 1. This civil rights Complaint sought emergency and injunctive relief under 42 U.S.C. § 1983 and was accompanied by a Motion for a Temporary Restraining Order and Preliminary Injunction. Doc. no. 2.

    The Complaint indicated that Plaintiffs "have been in the process of preparing a civil complaint for money damages and injunctive relief against the [D]efendants." Doc. no. 1, at p. 1. The Complaint further indicated that "among the [D]efendants, [presumably, three of the John/Jane Does 1-10], are three sitting judges of the Middle District of Pennsylvania, and one judge of the Third Circuit." *Id*. The Complaint further notes that some of the John/Jane Doe Plaintiffs are in active litigation in front of the John/Jane Doe judicial Defendants and thus,

Plaintiff Bailey, cannot set forth the gravamen of the allegations of the underlying lawsuit he is "in the process of preparing to file" against the named Defendants. *Id*. at p. 2.

The Complaint in this case further alleges that in order to bring their lawsuit against Defendants, Plaintiff Bailey sought permission to bring Plaintiffs' case against Defendants directly before the Pennsylvania Supreme Court utilizing King's Bench procedures, citing extensive violations of the Plaintiffs' Constitutional Rights. *Id*. at pp.2-3. This request was denied by the Pennsylvania Supreme Court. *Id*.

In addition to the Complaint, other documents that Plaintiff Bailey attached as exhibits to the Plaintiffs' Motion for Temporary Restraining Order and for Preliminary Injunction illustrate several discordant events which took place between and among Plaintiff Bailey and some of the judicial John/Jane Doe Defendants. Doc. nos. 2-1, 2-2, and 2-3. These discordant events were attributable, at least in part, to the initiation of a disciplinary investigation against Plaintiff Bailey. Plaintiffs' Motion for Injunctive Relief, sought to enjoin the disciplinary action from proceeding against Plaintiff Bailey.

Judge Nora Barry Fischer of the United States Court for the Western District of Pennsylvania denied Plaintiffs' Motion for Temporary Restraining Order and for Preliminary Injunctive Relief finding that under *Younger v. Harris*, 401 U.S. 37 (1971), the Court would offend the principles of comity by interfering with the ongoing state proceeding – *i.e.*, the disciplinary proceeding against Plaintiff Bailey. Doc. no. 3. Accordingly, after applying the *Younger* three-part test and finding that all three prongs had been met, the Court abstained from exercising federal jurisdiction in this matter. *Id*.

Plaintiffs have now filed a Motion for Reconsideration of Judge Fischer's Order (doc. no. 3), requesting that this Court reverse her decision, thereby enjoining the disciplinary proceedings

against Plaintiff Bailey and granting him injunctive relief. Doc. no. 5. For the reasons that follow, Plaintiffs' Motion will be denied.

## II. Discussion

The purpose of a Motion for Reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *Howard Hess Dental Laboratories Inc. v. Dentsply Intern., Inc.*, 602 F.3d 237, 251 (3d Cir. 2010), citing *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). Generally, a Motion for Reconsideration will only be granted on one of the following three grounds: (1) if there has been an intervening change in controlling law; (2) if new evidence, which was not previously available, has become available; or (3) if it is necessary to correct a clear error of law or to prevent manifest injustice. See, *Howard Hess Dental,* 602 F.3d at 251, citing *Max's Seafood Café by Lou Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

A court may not grant a Motion for Reconsideration when the motion simply restyles or rehashes issues previously presented. *Pahler v. City of Wilkes Barre*, 207 F.Supp.2d 341, 355 (M.D. Pa. 2001); see also *Carroll v. Manning*, 414 Fed. Appx. 396, 398 (3d Cir. 2011) (affirming denial of "motion for reconsideration and 'petition' in support thereof appears to merely reiterate the allegations made in the . . . petition and does not set forth any basis justifying reconsideration."); and *Grigorian v. Attorney General of U.S.*, 282 Fed. Appx. 180, 182 (3d Cir. 2008) (affirming denial of Motion to Reconsider because it "does nothing more than reiterate the arguments underlying his motion to reinstate the appeal.").

A motion for reconsideration "addresses only factual and legal matters that the Court may have overlooked . . . . It is improper on a motion for reconsideration to ask the Court to rethink what [it] had already thought through rightly or wrongly." *Glendon Energy Co. v. Borough of*

3

*Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993) (internal citation and quotes omitted). Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly. *Rossi v. Schlarbaum*, 600 F.Supp.2d 650, 670 (E.D. Pa. 2009).

Returning to the three bases upon which a Motion for Reconsideration may be granted, Plaintiffs here do not argue that (1) there has been an intervening change in controlling law, nor (2) new evidence, which was not previously available, has become available; rather, they claim that reconsideration of Judge Fischer's prior Order is necessary to (3) correct a clear error of law or to prevent manifest injustice. To that end, Plaintiffs' claim that the Court misapplied the *Younger* doctrine, and/or failed to find that this case fell within a *Younger* "exception," when it denied the Motion for Temporary Restraining Order and Preliminary Injunction . See doc. no. 6, generally.

Plaintiffs begin by correctly noting that application of the *Younger* doctrine is discretionary, not mandatory. *Id*. at p. 4. However, Plaintiffs do not argue that Judge Fischer committed clear error of law in finding that all three of the *Younger* criteria were met. *Id.* Instead, Plaintiffs claim that Judge Fischer "specifically recognized those circumstances where abstention would not be appropriate" and committed clear error of law by concluding that those circumstances were not present here. *Id.*

Plaintiffs contend that: (1) the state proceedings are being undertaken in bad faith or for purposes of harassment – referencing the Supreme Court of Pennsylvania's denial of its King's Bench Petition and/or (2) extraordinary circumstances exist such that this Court's deference to the state proceeding will present a significant and immediate potential for irreparable harm to the federal interests asserted. Id. However, Plaintiffs admit that they presented all evidence of these

4

two "exceptions" to *Younger* vis-à-vis their Complaint, their Motion for Temporary Restraining Order and Preliminary Injunction, and the exhibits attached thereto. *Id.* ("The claims in this case, as reflected in the complaint and documents attached thereto, clearly and unequivocally implicate both those recited conditions.") All of this documentation was presented to Judge Fischer and was considered by her, prior to her issuance of the Order invoking *Younger*. See doc. no. 3. ("Having fully considered the matter and all of Plaintiff's submissions, the Court will abstain from exercising jurisdiction over Plaintiff's motion under the doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971).").

Plaintiffs' attempt to reuse the same information previously presented to Judge Fischer fails to support Plaintiffs' request for reconsideration. Essentially, Plaintiffs' are rearguing the same claims made before Judge Fischer and are using the same "evidence" presented to Judge Fischer to have this Court declare that manifest injustice will occur if this Court does not halt the State's disciplinary proceedings currently taking place with respect to Plaintiff Bailey. Given the well-defined and solidly established precedent within the Courts of this Circuit, this Court cannot and will not grant Plaintiffs' Motion to Reconsider on grounds such as these.

### III. Conclusion

Based on the foregoing law and authority, Plaintiffs' Motion for Reconsideration shall be denied. An appropriate Order follows.

s/ Arthur J. Schwab  
Arthur J. Schwab  
United States District Judge

cc:	All Registered ECF Counsel and Parties