IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DON BAILEY AND JOHN/JANE DOES 1-25,

        Plaintiffs,

v.

DISCIPLINARY BOARD OF THE
SUPREME COURT OF PENNSYLVANIA,
PAUL KILLION, JOHN/JANE DOES 1-10,

        Defendants.

11cv1030

**ELECTRONICALLY FILED**

**MEMORANDUM ORDER
DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION (DOC NO. 19) OF
OPINION AND ORDER DISMISSING PLAINTIFFS' COMPLAINT (DOC NO. 18)**

**I. Factual and Procedural Background**

Plaintiffs, a Pennsylvania attorney, Don Bailey, and his clients, John/Jane Does 1-25, filed a civil rights Complaint against Defendants, Disciplinary Board of the Supreme Court of Pennsylvania, the Disciplinary Board's Chief Disciplinary Counsel, Paul Killion, and John/Jane Does 1-10.  Doc. no. 1.  This civil rights Complaint sought emergency and injunctive relief under 42 U.S.C. § 1983 and was accompanied by a Motion for a Temporary Restraining Order and Preliminary Injunction.  Doc. no. 2.

The Complaint indicated that Plaintiffs "have been in the process of preparing a civil complaint for money damages and injunctive relief against the [D]efendants."  Doc. no. 1, at p. 1.  The Complaint further indicated that "among the [D]efendants, [presumably, three of the John/Jane Does 1-10], are three sitting judges of the Middle District of Pennsylvania, and one judge of the Third Circuit."  *Id*.  The Complaint further noted that some of the John/Jane Doe Plaintiffs were in active litigation in front of the John/Jane Doe judicial Defendants and thus,

Plaintiff Bailey, could not set forth the gravamen of the allegations of the underlying lawsuit he was "in the process of preparing to file" against the named Defendants. *Id*. at p. 2.

Judge Nora Barry Fischer of the United States Court for the Western District of Pennsylvania denied Plaintiffs' Motion for Temporary Restraining Order and for Preliminary Injunctive Relief finding that under *Younger v. Harris*, 401 U.S. 37 (1971), the Court would offend the principles of comity by interfering with the ongoing state proceeding – *i.e.*, the disciplinary proceeding against Plaintiff Bailey.  Doc. no. 3.  Accordingly, after applying the *Younger* three-part test and finding that all three prongs had been met, the Court abstained from exercising federal jurisdiction in this matter. *Id*.

Plaintiffs filed a Motion for Reconsideration of Judge Fischer's Order (doc. no. 3), requesting that this Court reverse her decision, thereby enjoining the disciplinary state court proceedings against Plaintiff Bailey and granting him injunctive relief.  Doc. no. 5.  Plaintiffs' Motion to Reconsider was denied by this Court.  Doc. nos. 9-10.

Next, Defendants filed a Motion to Dismiss Plaintiffs' Complaint.  Doc. no. 11.  After granting Plaintiffs two extensions of time to respond to Defendants' Motion, Plaintiffs filed a response.  Doc. no. 17.  On October 28, 2011, this Court granted Defendants' Motion to Dismiss Plaintiffs' Complaint with prejudice indicating that given the state of the law, any amendment to the Complaint would be futile.  Doc. no. 18.

Presently before the Court is Plaintiffs' Motion to Reconsider the Court's October 28, 2011 Order granting Defendants' motion which dismissed Plaintiffs' case with prejudice.  See doc. no. 19.  For reasons set forth herein, Plaintiffs' Motion for Reconsideration will be denied.

**II. Discussion**

The purpose of a Motion for Reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *Howard Hess Dental Laboratories Inc. v. Dentsply Intern., Inc.*, 602 F.3d 237, 251 (3d Cir. 2010), citing *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). Generally, a Motion for Reconsideration will only be granted on one of the following three grounds: (1) if there has been an intervening change in controlling law; (2) if new evidence, which was not previously available, has become available; or (3) if it is necessary to correct a clear error of law or to prevent manifest injustice. See, *Howard Hess Dental,* 602 F.3d at 251, citing *Max's Seafood Café by Lou Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

A court may not grant a Motion for Reconsideration when the motion simply restyles or rehashes issues previously presented. *Pahler v. City of Wilkes Barre*, 207 F.Supp.2d 341, 355 (M.D. Pa. 2001); see also *Carroll v. Manning*, 414 Fed. Appx. 396, 398 (3d Cir. 2011) (affirming denial of "motion for reconsideration and 'petition' in support thereof appears to merely reiterate the allegations made in the . . . petition and does not set forth any basis justifying reconsideration."); and *Grigorian v. Attorney General of U.S.*, 282 Fed. Appx. 180, 182 (3d Cir. 2008) (affirming denial of Motion to Reconsider because it "does nothing more than reiterate the arguments underlying his motion to reinstate the appeal.").

A motion for reconsideration "addresses only factual and legal matters that the Court may have overlooked . . . . It is improper on a motion for reconsideration to ask the Court to rethink what [it] had already thought through rightly or wrongly." *Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993) (internal citation and quotes omitted). Because federal courts have a strong interest in the finality of judgments, motions for

reconsideration should be granted sparingly. *Rossi v. Schlarbaum*, 600 F.Supp.2d 650, 670 (E.D. Pa. 2009).

Returning to the three bases upon which a Motion for Reconsideration may be granted, Plaintiffs here do not argue that there has been an intervening change in controlling law, nor do they present new evidence, not previously available, alleging it has become available.

Rather, Plaintiffs claim that reconsideration of this Court's prior Order of dismissal (doc. no. 18) is necessary to correct a clear error of law or to prevent manifest injustice. More specifically, Plaintiffs claim that this Court abused its discretion by "not even recogniz[ing] the specific arguments [Plaintiff] Bailey makes in the context of the full record before the Court in dismissing the case in its entirety."

As this Court stated in its Memorandum Order dismissing Plaintiffs' case with prejudice, after applying the three-prong test set forth in *Younger v. Harris*, 401 U.S. 37 (1971)), and after determining that neither of the two exceptions to the *Younger* doctrine (described in *Anthony v. Council*, 316 F.3d 412, 418 (3d Cir. 2003)), applied, the Court dismissed this case with prejudice.

What is clear from the record is that Plaintiffs disagree with Judge Fischer's denial of their Motion for TRO, as well as this Court's denial of their Motion to Reconsider her Order. Plaintiffs also disagree with this Court's decision to dismiss their Complaint with prejudice.

This Court's Memorandum Order dismissing the Complaint noted that Plaintiffs' Complaint failed to allege facts necessary to support a finding that the state proceedings are being undertaken in bad faith or for the purposes of harassment. Likewise, the Court's Memorandum Order noted Plaintiffs' Complaint failed to allege any facts illustrating extraordinary circumstances requiring this Court to intercede in order to prevent irreparable harm

to the federal interests asserted. The Court noted in its Memorandum Order that any amendment would be futile.

Aside from making a blanket statement alleging an abuse of discretion, Plaintiffs offer nothing further to convince this Court that a reconsideration of its prior Memorandum Order dismissing the Complaint with prejudice is legally warranted.

### III. Conclusion

Based on the foregoing law and authority, Plaintiffs' Motion for Reconsideration of this Court's October 28, 2011 Memorandum Opinion and Order dismissing Plaintiffs' Complaint will be denied.

**AND NOW**, this 16th day of November, 2011, upon consideration of Plaintiffs' Motion for Reconsideration (doc. no. 19) and their Brief in Support (doc. no. 20), **IT IS HEREBY ORDERED** that the Motion is **DENIED**. The Court will not reconsider its October 28, 2011 Memorandum Opinion and Order (doc. no. 18) dismissing Plaintiffs' Complaint with prejudice.

                              s/ Arthur J. Schwab
                              Arthur J. Schwab
                              United States District Judge

cc:    All Registered ECF Counsel and Parties